# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

In re:

|  |  |
|---|---|
| MICHAEL A. RUBIN and | Case No. 13-28399-pjd |
| LIZA V. RUBIN, | Chapter 7 |
|     Debtors. | |

## TRUSTEE'S MOTION TO APPROVE SALE AND
## LIQUIDATION OF SECURITIES
## [EXPEDITED HEARING REQUESTED]

**COMES NOW** Edward L. Montedonico, the duly appointed and acting chapter 11 trustee (the "Trustee") by and through counsel and submits this motion to liquidate certain securities held in a securities account maintained at Merrill Lynch Pierce Fenner & Smith Incorporated ("Merrill") which account was undisclosed by the Debtors in their schedules but is reflected as being owned by the Debtors. In support of said Motion, the Trustee would show to the Court as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(M), (N) and (O).  Venue of this chapter 7 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the requested relief are 11 U.S.C. §§ 363 and 105(a).

### BACKGROUND

3.      On August 7, 2013, the Debtors filed a joint voluntary chapter 11 case.

4.      On February 28, 2104, the chapter 11 case was converted to a case under chapter 7 of the Bankruptcy Code.

5.      On or about March 4, 2104, Edward L. Montedonico was appointed as the interim chapter 7 trustee.

6.      Upon his appointment, the Trustee succeeded to all the right, title and interest of the Debtors in all property of the estate.

7.      Prior to the conversion of the chapter 11 case, the Debtors entered into a Stipulation with Bank of America, N.A. ("BofA") as to certain funds held in a securities account (Account No. ***-*5821, herein "Account 5821") which account served as collateral for sums due to BofA under a Loan Management Account Agreement (Account No. ***-*9327).

8.      In conducting his investigation of the funds held by Merrill and/or BofA, the Trustee has discovered that (i) there are unliquidated securities in Account 5821 in the approximate amount of $47,820.77 after the setoff by BofA and cash of $7,620,46 in said account; and (ii) an additional securities account maintained at Merrill (Account No. ***-*3416 and herein, "Account 3416" and, with Account 5821, the "Securities Accounts") which is held in the names of the Debtors and is attributable to the Debtors' individual Social Security Numbers and which has a current value of approximately $171,483.54 as of February 2, 2014.

9.      The Debtors did not disclose Account 5821 or Account 3416 in their Schedules or Statement of Financial Affairs.

10.     The Trustee believes that the Securities Accounts are property of the estate and desires to liquidate the securities held in the Securities Accounts in order to eliminate the risk of any future decline in value of the various securities held therein.

ButlerSnow20532225v1

**RELIEF REQUESTED**

11.     By this Motion, the Trustee seeks approval for the sale and liquidation of the securities held in the Securities Accounts by sale on the open market or liquidation of the securities through Merrill and payment of any associated brokers or transfer agent fees.

**BASIS FOR RELIEF**

12.     The Trustee believes that the consummation of the transaction is in the best interest of this estate, and creditors in so far as the offer will produce immediate cash to the estate and will not expose the Securities Accounts to the vagaries of the securities markets. As there is a readily ascertainable market and market driven price for the securities held in the Securities Accounts, the Trustee believes that a sale on the open market or liquidation through Merrill will result in fair value for the shares.

**A.     The Transaction Meets the Requirements of 11 U.S.C. § 363**

13.     Under section 363(b) of the Bankruptcy Code, the trustee "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b).  Courts interpreting section 363(b) in the chapter 11 sale of business context have held that transactions should be approved when they are supported by the trustee's sound business judgment.  *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *In re Continental Airlines, Inc.*, 780 F.2d 1223 (5th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983).

14.     The business judgment test generally requires the trustee to establish (i) that a sound business purpose justifies the sale outside the ordinary course of business; (ii) that

adequate and reasonable notice has been provided to interested parties; (iii) that the debtor has obtained a fair and reasonable price; and (iv) good faith. *See In re Titusville Country Club*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991); *In re Phoenix Steel*, 82 B.R. at 335-56.

### *The Transaction is Supported by Sound Business Judgment*

15.     The Trustee has been charged with liquidating the non-exempt assets of the estate to realize equity in such assets for the benefit of creditors.  The Trustee submits that there is a set, national market for the securities of the type held in the Securities Accounts and that a sale of the Securities either on the open market or liquidation through Merrill will result in a fair price for the securities.

### *The Trustee Will Provide Reasonable and Notice to Interested Parties*

16.     In satisfaction of the requirements of Rule 2002 of the Federal Rules of Bankruptcy Procedure, the Trustee intends to serve copies of this Motion on all creditors and interested parties.

### *The Proposed Sale Price is Fair and Reasonable*

17.     The purchase price for the sale of the securities will represent fair and reasonable market value of the securities are readily ascertainable and set by the capital, bond and equity markets.  As such, the Trustee believes that there is little risk of not receiving fair value for the securities.

### *Good Faith*

18.     The Trustee does not believe that Merrill is in any way related to the Debtor other than the Debtor's status as a shareholder.  The Trustee does not believe that Merrill is an "insider" of the debtor within the meaning of 11 U.S.C. § 101(31). Nevertheless and irrespective of whether Merrill could be considered an insider, the transaction proposed herein is a

ButlerSnow20532225v1

transaction involving the sale of publicly traded securities on a nationally recognized market. The Trustee, therefore, requests that the Court find that any purchaser of the securities from the Trustee is a "good faith purchaser" under 11 U.S.C. § 363(m).

**B.    Request For Approval of Sale Free and Clear of Liens, Claims and Interests.**

19.    The Trustee requests that the Court authorize the sale of the securities free and clear of all liens, claims, interests and encumbrances which may be asserted against the securities in the Securities Accounts with all such liens, claims, interests and encumbrances, if any, attaching the proceeds of the sale.

20.    The Trustee is not aware of any liens, claims, interests and encumbrances against the Securities Accounts after the setoff by BofA and the repayment of its loans.

**C.    Request for Waiver of the Stay of FED. R. BANKR. P. 6004(h).**

21.    The Trustee requests that the Court order that the stay provided by FED. R. BANKR. P. 6004(h) not apply to sale contemplated herein as there is an immediate need to consummate the transaction and to eliminate the potential for dramatic changes in the market price of the securities held in the Securities Accounts.

## EXPEDITED HEARING REQUEST

The Trustee requests an expedited hearing on this Motion inasmuch as the prompt liquidation of the securities in the Securities Accounts will insulate the estate from declines in value due to market swings and ensure that a definite sum of money is received by the estate.

**WHEREFORE,** the Trustee respectfully requests that the Court (i) approve the sale proposed herein under 11 U.S.C. § 363(b) and (f); (ii) authorize the Trustee to sell the securities in the Securities Accounts as set forth herein and authorize; (iii) direct Merrill to liquidate the securities in the Securities Accounts; (iv) authorize the Trustee to pay such brokerage or transfer

fees as may be required to liquidate the securities; and (v) award such other, further and general

relief as deemed appropriate.

Respectfully submitted,

BUTLER SNOW LLP

/s/ James E. Bailey III
   James E. Bailey III (015979)
6075 Poplar Avenue
Suite 500
Memphis, TN 38119
(901) 680-7200
(901) 680-7201 facsimile
jeb.bailey@butlersnow.com

**Attorneys for Edward L. Montedonico
Chapter 7 Trustee**

CERTIFICATE OF SERVICE

I hereby certify that on Thu, Mar 27, 2014 a true and correct copy of the foregoing has
been electronically served or placed in the U. S. mail, postage pre-paid and properly addressed
to:

Matrix
All Creditors and Interested Parties

/s/ James E. Bailey III